## In the Matter of the Estate of George K. Pollard, Deceased.

*Allowance to widow and minor child—Apportionment.*

It is in the discretion of the appraisers to apportion the allowance to the widow and children under sections 6040–1, Rev. Stat., and where the appraisers fail to make the apportionment, the court may make it.

Where an intestate died, leaving a widow and daughter thirteen years of age, and the appraisers set off to them for their year's allowance $1800, and the daughter lived apart from the widow, her stepmother: *Held*, $1,000 a reasonable allowance to the daughter, and $800 to the widow.

*Decided May 19, 1889.*

THE questions here presented are based upon an agreed statement of facts, from which it appears that George K. Pollard was married to Mrs. Pollard in July, 1886, and died November 3, 1886; that he left a child thirteen years of age by a former marriage, and died inestate leaving an estate of about six thousand dollars, which may be increased within the next five years by virtue of a contract entered into by him in his life with his surviving partners.

The appraisers set off to the widow and minor child the sum of nine hundred and fifty-five dollars in money, five shares of Metropolitan National Bank stock, and a Chamber of Commerce certificate, making a total value of about eighteen hundred dollars. The widow was appointed the administratrix of the estate, and William Johnson was appointed

guardian of the minor child.   The minor child not being willing to live with the widow (she being her stepmother), the guardian took her to his own home, where she is well taken care of.   The widow, however, has not refused to permit the child to live with her and to be supported out of the allowance.

The guardian now moves for an order to apportion the allowance between the widow and minor child.

*William Cornell*, for guardian.
*Willis Kemper*, for widow.

GOEBEL, J.

Is there power in the court to make such order?

Section 6040 Rev. Stat., provides that the appraisers shall set off and allow to the widow and children under the age of fifteen years, if any there be, or if there be no widow, to such children sufficient provisions or other property to support them for twelve months from the death of the decedent, and section 6041 provides that when there is not sufficient personal property, or property of a suitable kind, to set off to the widow and children, as provided by the preceding section, the appraisers shall certify what sum, or further sum in money, is necessary for the support of such widow or children.

It is evident that the object of this legislation was to give to the widow and minor children, or either of them, property sufficient to maintain

Estate of George K. Pollard, Deceased.

and support her or them for twelve months, and in cases where there are children and a widow, such allowance is not made to the exclusion of the other. It is also reasonable to suppose that the allowance in this case would not have been ·made to this extent were there no minor child.

If, therefore, the minor child has an interest in the allowance, it becomes a question as to what portion of such allowance ought to go to the support of the child. This, in my judgment, was within the discretion of the appraisers to determine.   The appraisers having failed to make an apportionment, there is power in this court to make an apportionment under section 6043 of the Revised Statutes, which provides that the court may, on petition of the widow or other person interested, review the allowance made to the widow or children, and increase or diminish the same and make such order in the premises as it shall deem right and proper.

In this case it is not claimed that the allowance is excessive if the sum is to be apportioned between the widow and minor child.

How shall this allowance be apportioned ?   There are no definite rules by which the court is governed in making an apportionment.   There are many things to be considered; the manner and mode in which these parties were accustomed to live, the age of the minor child, the health of the widow and child.

All of these are elements which the court may consider.

In this case, we have a widow upon whom no minor child or children are depending, who by reason of her age and experience is better able to maintain herself; while upon the other hand there is a child of tender years, requiring care, attention, and an education, in order that she may occupy a suitable station in life, whose demands and wants are therefore greater than those of the widow.

Upon careful consideration I have come to the conclusion that one thousand dollars would be a reasonable allowance to the minor child, and eight hundred dollars to the widow. An entry will therefore be made dividing the allowance of eighteen hundred dollars in the proportion just named.

NOTE. — On appeal the Common Pleas Court allowed the widow one thousand dollars and minor eight hundred, and affirmed judgment as to all other matters.